```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
..  ..  ..  ..  ..  ..  ..  ..  ..  ..  ..  ..  ..  ..
                                         :
YUSUKE BANNO                             :
                                         :
              Plaintiff,                 :    COMPLAINT AND
                                         :    JURY DEMAND
         vs.                             :
                                         :    ECF CASE
CITY OF NEW YORK, POLICE OFFICER JOHN    :
PARK, POLICE OFFICER ORLANDO RIVERA      :
and JOHN DOE.                            :    06 CV 2270 (KMK)
                                         :
              Defendants.                :
..  ..  ..  ..  ..  ..  ..  ..  ..  ..  ..  ..  ..  ..
```

Plaintiff, by and through his attorneys, alleges:

### JURISDICTION

1. This action arises under and the First, Fourth and Fourteenth Amendments to the United States Constitution and is filed pursuant to 42 U.S.C. § 1983.

2. The jurisdiction of this Court is predicated on 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4).

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367 over any and all state claims and as against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

### PARTIES

4. Plaintiff is a citizen and resident of the United States.

5. Defendant City of New York is and was at all time relevant to this action a municipal corporation authorized under the

   laws of the State of New York.

6.  Defendant John Park is and was at all times relevant to this action a police officer employed by the defendant City of New York and acting under color of law.

7.  Defendant Orlando Rivera is and was at all times relevant to this action a police officer employed by the defendant City of New York and acting under color of law.

8.  Defendant John Doe is and was at all times relevant to this action an undercover police officer, Shield No. 6216, whose name is currently unknown, employed by the defendant City of New York and acting under color of law.

### FACTS

9.  On August 29, 2004, plaintiff participated in a lawful march to protest the Republican National Convention which was to open the next day.

10.  At or about Seventh Avenue between 33rd and 34th Streets, plaintiff was seized by defendant John Park who then directed defendant Orlando Rivera to process the arrest.

11.  On information and belief defendant John Doe participated in the decision to arrest plaintiff and/or in the arrest itself.

12.  Plaintiff s participation in the march was protected by the First Amendment and he engaged in no conduct which was in violation of law and neither defendant John Park, nor

Orlando Rivera nor John Doe had probable cause to arrest him.

13. Plaintiff was thereafter charged with assault in the first degree, assault on a police officer, reckless endangerment in the first degree, hindering prosecution in the second degree, riot in the first degree, resisting arrest and obstruction of governmental administration in the second degree.

14. Plaintiff was held on the aforesaid charges until his release on bail approximately five days later.

15. Based solely on the testimony of the defendant police officers, plaintiff was indicted on the following charges: assault in the second degree, reckless endangerment in the first degree, riot in the first degree and loitering.

16. Each of the police officer defendants played a significant role in the initiation and continuation of the criminal prosecution against plaintiff.

17. On or about May 17, 2005, all charges against plaintiff were dismissed.

## COUNT I
## FALSE ARREST - § 1983

18. Plaintiff repeats and realleges paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. Plaintiff engaged in no conduct which could lawfully subject him to arrest and defendants did not have probable cause to

arrest him.

20. As a direct and proximate result of the actions of defendant police officers, taken under color of law, plaintiff was deprived of rights protected by the Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

21. As a direct and proximate result of the actions of defendant police officers, taken under color of law, plaintiff suffered a derivation of his liberty, physical harm, emotional harm and distress.

**COUNT II**
**MALICIOUS PROSECUTION - § 1983**

22. Plaintiff repeats and realleges paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. The allegations in the criminal complaints filed against plaintiff were knowingly false and motivated by a desire to punish plaintiff and/or to cover up defendant police officers   own unlawful conduct.

24. The conduct of defendant police officers as described herein violated plaintiff  s rights guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution.

25. As a direct and proximate result of the actions of defendant police officers, taken under color of law, plaintiff suffered a derivation of his liberty, physical harm, emotional harm and distress and was caused to expend money

to defend himself.

## COUNT III
### FIRST AMENDMENT - § 1983

26. Plaintiff repeats and realleges paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. The conduct of defendant police officers as described herein was motivated, at least in significant part, by the fact that plaintiff had engaged in activity protected by the First Amendment.

28. The mistreatment of plaintiff due to his exercise of First Amendment rights violates plaintiff s rights protected by the First and Fourteenth Amendments to the United States Constitution.

29. As a direct and proximate result of the actions of defendants, taken under color of law, plaintiff suffered physical injury, emotional harm and distress and was prevented from engaging in First Amendment activity during the time of his detention.

## COUNT IV
### MALICIOUS PROSECUTION - STATE LAW

30. Plaintiff repeats and realleges paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. The conduct of defendant police officers as set forth herein constituted malicious prosecution in violation of the law of the State of New York.

32. The defendant City of New York is liable under the law of the State of New York for the actions of its employees taken within the scope of their employment.

33. Plaintiff has filed a Notice of Claim with the Comptroller of the City of New York within the time required by law and more than 30 days have elapsed since that filing, and adjustment or payment thereof has been neglected or refused.

34. As a direct and proximate result of the actions of defendants, plaintiff suffered deprivation of liberty, physical harm, and emotional harm and distress as well as the cost of defense and related expenses.

**WHEREFORE**, Plaintiff demands judgment as follows:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable attorneys fees and costs;

    d. Such other and further relief as appears reasonable and just.

Plaintiff demands trial by jury.

Dated: March 23, 2006

s/Jeffrey E. Fogel
Jeffrey E. Fogel (JF-3948)
232 Warren Street
Brooklyn, NY 11201
(718) 243-2039

Bruce Bentley (BB-7803)
83-10 35th Avenue
Jackson Heights, NY 11373

Attorneys for Plaintiff