UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
YUSUKE BANNO,

                              Plaintiff,
       -versus-                                      **06 CV 2270 (KMK)(JCF)**

THE CITY OF NEW YORK, et al.

                              Defendants.
------------------------------------------------------------------------ x

## ANSWER

       Defendant The City of New York ("Defendant"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint, respectfully alleges, upon information and belief, as follows:

### AS TO "JURISDICTION"

       1.     Defendant denies the allegations set forth in paragraph "1" of the Complaint, except admits that the Complaint purports to state claims as set forth therein.

       2.     Defendant denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as set forth therein.

       3.     Defendant denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as set forth therein.

### AS TO "PARTIES"

       4.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Defendant denies the allegations set forth in paragraph "5" of the Complaint, except admits that The City of New York is a municipal corporation duly organized and operating under the laws of the State of New York.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

## AS TO "FACTS"

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Defendant denies the allegations set forth in paragraph "12" of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

AS TO "COUNT I"

18. In response to the allegations set forth in paragraph "18" of the Complaint, Defendant repeats and re-alleges all of the preceding paragraphs of the answer, as if fully set forth herein.

19. Defendant denies the allegations set forth in paragraph "19" of the Complaint.

20. Defendant denies the allegations set forth in paragraph "20" of the Complaint.

21. Defendant denies the allegations set forth in paragraph "21" of the Complaint.

AS TO "COUNT II"

22. In response to the allegations set forth in paragraph "22" of the Complaint, Defendant repeats and re-alleges all of the preceding paragraphs of the answer, as if fully set forth herein.

23. Defendant denies the allegations set forth in paragraph "23" of the Complaint.

24. Defendant denies the allegations set forth in paragraph "24" of the Complaint.

25. Defendant denies the allegations set forth in paragraph "25" of the Complaint.

## AS TO "COUNT III"

26. In response to the allegations set forth in paragraph "26" of the Complaint, Defendant repeats and re-alleges all of the preceding paragraphs of the answer, as if fully set forth herein.

27. Defendant denies the allegations set forth in paragraph "27" of the Complaint.

28. Defendant denies the allegations set forth in paragraph "28" of the Complaint.

29. Defendant denies the allegations set forth in paragraph "29" of the Complaint.

## AS TO "COUNT IV"

30. In response to the allegations set forth in paragraph "30" of the Complaint, Defendant repeats and re-alleges all of the preceding paragraphs of the answer, as if fully set forth herein.

31. Defendant denies the allegations set forth in paragraph "31" of the Complaint.

32. Defendant denies the allegations set forth in paragraph "32" of the Complaint.

33. Defendant denies the allegations set forth in paragraph "33" of the Complaint.

34. Defendant denies the allegations set forth in paragraph "34" of the Complaint.

35. Defendant denies the remaining allegations of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

36. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

37. There was probable cause for plaintiff's arrest, detention and prosecution.

## THIRD AFFIRMATIVE DEFENSE

38. Any and all injuries and damages alleged in the Complaint were caused, in whole or in part, by plaintiff's culpable, negligent or intervening conduct and were not the proximate result of any act of Defendants.

## FOURTH AFFIRMATIVE DEFENSE

39. This action is barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE

40. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, they are entitled to qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

41. Punitive damages are not recoverable against The City of New York. Punitive damages cannot be recovered against the other Defendants and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

**SEVENTH AFFIRMATIVE DEFENSE**

42. Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have Defendants violated any act of Congress.

**EIGHTH AFFIRMATIVE DEFENSE**

43. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

**NINTH AFFIRMATIVE DEFENSE**

44. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant The City of New York is entitled to governmental immunity from liability.

**TENTH AFFIRMATIVE DEFENSE**

45. Plaintiff's claims are barred, in whole or in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §§ 50-e and 50-i.

**ELEVENTH AFFIRMATIVE DEFENSE**

46. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**

47. Plaintiff's claims are barred, in whole or in part, by the doctrine of absolute immunity.

**THIRTEENTH AFFIRMATIVE DEFENSE**

48. Process, or service of process, upon one or more of the Defendants was insufficient.

### FOURTEENTH AFFIRMATIVE DEFENSE

49. The Court lacks personal jurisdiction over one or more of the Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

50. To the extent that Defendants used any force, it was reasonable, necessary and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

### SIXTEENTH AFFIRMATIVE DEFENSE

51. Plaintiff failed to mitigate plaintiff's damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

52. Plaintiff consented to the acts about which plaintiff complains.

### EIGHTEENTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred, in whole or in part, by plaintiff's contributory or comparative negligence and by plaintiff's assumption of the risk.

### NINETEENTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

**WHEREFORE,** Defendant requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
    June 12, 2006

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 6-306
New York, New York 10007
(212) 788-8026


By: _____/s/_____
  James Mirro (JM 2265)
  Special Assistant Corporation Counsel
  Special Federal Litigation Division

8

**06 CV 2270 (KMK) (JCF)**

| |
|---|
| **UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK** |
| YUSUKE BANNO, et al.,<br><br>          Plaintiff,<br><br>    -against-<br><br>THE CITY OF NEW YORK, et al.,<br><br>          Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, N.Y.  10007* |