Exhibit I

# JEFFREY E. FOGEL
### ATTORNEY AT LAW

215 SPRUCE STREET
CHARLOTTESVILLE, VA 22902

212-608-5517
FAX 434-295-6594

July 9, 2007

Hon. James C. Francis IV
United States Magistrate Judge
500 Pearl Street, Room 1960
New York, NY 10007-1212

BY FAX: (212) 805-7930

Re: Banno v. City of New York, et al.
06 CV 2270 (KMK)

Dear Judge Francis:

    I write to request relief with respect to a deposition scheduled (and "so ordered") for July 19, 2007. The deponent is one of the named defendants, John Doe Badge Number 6216. The defendants have refused to provide his name.

    Mr. Mirro advised me today that defendant will only appear at the offices of the Corporation Counsel for this deposition and that he will appear behind "a screen." While I don't think that deponent's counsel should be able to dictate the location of the deposition, I am less concerned by that than by the inability to see the deponent and gauge his credibility in the same way that a jury would be able to make that same judgment. Indeed, there is no indication that this officer appeared at the grand jury behind a screen or in disguise, nor that the grand jury proceedings were held at 100 Church Street.

    While I recognize that this officer works under cover for the intelligence division, he is a key component to this case, as the only person to identify the plaintiff as having started the fire for which he was charged. He was the principal witness before the grand jury and the only one to have asserted that plaintiff engaged in any criminal conduct. He was to be the chief witness for the district attorney until he concluded that my client could not have started the fire in question. His credibility is crucial. It is impossible to truly judge someone's credibility without being able to look at him, his facial posture and gestures as well as his body movements. Part of the purpose of a deposition is to gauge how the deponent will appear as a witness in front of a jury.

    The morning of the deposition of another defendant, ████████ Mr. Mirro called to advise me that he would only appear at the law department and that Officer Park would be in disguise as he was now involved in some kind of under cover work. Mr. Mirro knew, and I reminded him, that I had glossy color photos of

Hon. James C. Francis IV
July 9, 2007
-page 2-

████████ and there was no need for a disguise. He refused to proceed otherwise and so we proceeded with the deposition rather than have it delayed further. ████████ appeared in a wig, with large sunglasses and a baseball cap. Notwithstanding the fact that there was no discussion of ████████ under cover work, Mr. Mirro designated the deposition as confidential.

Badge 6216 can come to the deposition in disguise. I request that an order be entered that he be deposed where noticed by plaintiff's counsel and without disguise in a manner that counsel can clearly see him and his face. None of the plaintiffs will be there and I am prepared to maintain, at least for now, the confidentiality of the officer's appearance.

Respectfully submitted,

Jeffrey E. Fogel

cc: James Mirro, Esq. (By Fax: (212) 788-9776)
    Rachel M. Kleinman, Esq.
    Jason J. Rozger, Esq.

BELDOCK LEVINE & HOFFMAN LLP

99 PARK AVENUE

NEW YORK, N.Y. 10016-1503

TEL: (212) 490-0400
FAX: (212) 557-0565

REF:

WRITER'S DIRECT DIAL:

(212) 277-5853

July 11, 2007

**VIA FACSIMILE - (212) 805-7930**

Honorable James C. Francis, IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Suite 1960
New York, NY 10007-1312

                        Re:    *Rechtschaffer v. City of New York, et al.*
                                05-CV-9930 (KMK) (JCF)

Dear Judge Francis:

      As counsel for plaintiff in the above-referenced matter, we write to join in the letter-application of Jeff Fogel asking that defendants be ordered to produce defendant officer Undercover Shield No. 6216 for his scheduled deposition at the offices of Beldock Levine & Hoffman, and that the officer not be permitted to testify from behind a "screen," or in disguise.

      Defendants have not even remotely provided a justification for refusing to produce this defendant officer where he was noticed, nor have they demonstrated the need to conceal the officer's identity by allowing him to testify behind a screen or in disguise, thus disrupting the deposition and eviscerating counsel's ability to assess the witness' non-verbal responses. While we understand that this defendant worked undercover during the RNC and continues to do so, there is no reason to believe that producing him at plaintiff's attorneys' office would in any way effect his undercover status.

      Undercover 6216 is a named defendant in this civil rights action, and he is the single person that defendants' have identified with any knowledge of the circumstances of Ms. Rechtschaffer's arrest. His identification of plaintiff was apparently the sole basis for her arrest and for the criminal charges brought against her. As he is the only witness that defendants have

BELDOCK LEVINE & HOFFMAN LLP

identified to the incident that allegedly formed the basis for plaintiff's arrest he is obviously key to plaintiff's case, and any disruption of his deposition would clearly be prejudicial to plaintiff.

Although Mr. Fogel has indicated that, at least for now, he would agree to production of the undercover officer in disguise, we believe that this precaution is unnecessary. This individual is a defendant in this case and the sole person identified by the defendants with any knowledge of the circumstances of Ms. Rechtschaffer's arrest. Absent a showing that his presence at a deposition, at which only plaintiffs' and defendants' counsel will be present, would impede or compromise this person's undercover work, which defendants do not even attempt to show, there is simply no basis to permit the extraordinary measure to protect this person's identity that defendants now seek.

We respectfully request that this Court order the defendants to produce defendant police officer Undercover Shield No. 6216 without any disguise and that he be ordered to divulge his full name. Plaintiff will agree to keep this deposition transcript confidential until such times as its use is required in response to a motion or at trial.

Thank you for your consideration in this matter.

Respectfully yours,

Jonathan Moore
Rachel Kleinman

cc.   James Mirro
      Fred Weiler
      Jeff Fogel