**JEFFREY E. FOGEL**
ATTORNEY AT LAW

215 SPRUCE STREET
CHARLOTTESVILLE, VA 22902

# MEMO ENDORSED

212-608-5517
FAX 434-977-5765

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/08

January 10, 2008

Hon. James C. Francis IV                          BY FAX: (212) 805-7930
United States Magistrate Judge
500 Pearl Street, Room 1960
New York, NY 10007-1212

                       Re: Banno v. City of New York, et al.
                           06 CV 2270 (RJS)

Dear Judge Francis:

     I am writing about several discovery matters in the above captioned case.

1. Pursuant to Your Honor's order, plaintiff, on October 16, 2007, provided releases for his educational records and police and court records concerning prior arrests. (A copy of my cover letter identifying the releases provided is enclosed herewith as Exhibit A). Plaintiff was deposed on November 14, 2007, but none of the records obtained by defendants pursuant to those releases was provided prior to the deposition. Plaintiff, in his request for documents served in June, 2006, specifically requested copies of "all documents obtained by Defendants pursuant to releases executed by Plaintiff or pursuant to subpoenas relative to this case." At the deposition, several of the documents obtained by defendants from plaintiff's school records were provided. However, none of the records obtained from law enforcement or courts were provided, although it became apparent that questions were asked based on records obtained pursuant to releases and/or subpoenas. After the deposition, by letter dated November 26, 2007, I requested copies of all of the documents obtained as a result of the releases but I received no response. (A copy of that letter is enclosed herewith as Exhibit B). On December 19, 2007, I reminded Mr. Mirro of that request and, in response, he stated that they would be produced "shortly." (A copy of the emails is enclosed herewith as Exhibit C). I have yet to receive anything.

     In light of the above, I have several applications: (1) that all records obtained as a result of the releases and any subpoenas be provided to plaintiff; (2) that counsel fees be awarded to plaintiff for having to make this application (even if the records are produced as a result of this application and prior to a ruling from the Court); and

Hon. James C. Francis IV
-page 2-
January 10, 2008

> (3) that any questions asked (and the resulting answers) based on records not produced either before or during the deposition be stricken from the deposition record. With regard to the latter application, I propose to identify all such questions and answers (as soon as defendants provide the records and a copy of the deposition of plaintiff) and to seek agreement with defense counsel. If agreement cannot be reached I will apply to the Court to resolve any disagreement.

2. Plaintiff's interrogatories asked defendants to "[i]dentify all persons involved in recording by video or audio or still photographing of the actions and events leading up to and including the arrests at the time and place of occurrence, and identify the photographs, video or audio recordings that we made by those persons." Except for a few photographs produced, which defendants have identified as having been taken by defendant John Doe, badge number 6216, defendants have failed to provide the requested information. I request that defendants be directed to identify all persons involved in recording by video or audio or still photographing of the actions and events leading up to and including the arrests at the time and place of occurrence, as well as identifying the photographs, video or audio recordings that were made by those persons.

3. In his request for production of documents, plaintiff requested copies of "all documents concerning injury to any member of the NYPD which occurred at the time and place of occurrence." Defendant John Park, testified at his deposition that he was injured as a result of the incident. Indeed, plaintiff was charged with assaulting and causing physical injury to Defendant Park. Discovery Order #2 required that the medical records in question be produced at least one week prior to the deposition. No such records were produced and no assertion of privilege was made.

   In my letter of November 26, 2007 (Exhibit B) I again requested Defendant Park's medical records. In his email to me of December 19, 2007, I was advised that "Detective Park is not inclined to release his medical records." (Exhibit C). Mr. Mirro also suggested, that if I wanted to discuss further, to call him. I responded that Defendant Park claimed to have received an injury in connection with his arrest of plaintiff, that plaintiff was charged with

Hon. James C. Francis IV
-page 3-
January 10, 2008

assaulting him and that the medical records were directly relevant to the issues in this case. I have not heard further from Mr. Mirro.

In light of the above, I request an order that the medical records of Defendant Park be produced and that I be permitted (if necessary after reviewing the records) to reopen the deposition of Officer Park, limited to questioning him about his claimed injuries. I also request that defendants pay the cost of such reopened deposition, including counsel fees.

Respectfully submitted,

Jeffrey E. Fogel

encls.
cc: James Mirro, Esq. (W/encls.) (By Fax:(212)788-9776)

1/22/08

Defendants shall produce to plaintiff the documents they have obtained by subpoena no later than February 1, 2008. Defendants shall produce all medical records for Officer Park relating to any injury he allegedly received as the result of any assault by plaintiff. Any such injuries are at issue as they are relevant to probable cause for plaintiff's arrest. In all other respects, plaintiff's applications are denied.

SO ORDERED.

James C. Francis IV
USMJ